## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| DAVID A. AND PAULA J. BLASI, as TRUSTEES OF THE BLASI LIVING TRUST<br>on behalf of themselves and a class of similarly situated persons<br><br>Plaintiffs,<br>v.<br><br>KRAKEN DEVELOPMENT III LLC and KRAKEN OPERATING LLC<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No._____ |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

[1]    Plaintiffs, David A. and Paula J. Blasi, as Trustees of the Blasi Living Trust (Plaintiffs") on behalf of themselves and the Class defined below, for their class action complaint against Defendant Kraken Development III LLC and Defendant Kraken Operating LLC ("Defendants" or collectively "Kraken"), allege:

### CLASS DEFINITION

[2]    Plaintiffs, pursuant to Fed. R. Civ. P. 23(a) and (b)(3) bring this action on behalf of themselves and a Class of similarly situated persons defined as:

> All persons to whom Defendants paid royalties on oil produced from North Dakota wells since June 1, 2010, pursuant to leases which require oil royalty to be paid "free of cost."

> The Class excludes: (a) agencies, departments or instrumentalities of the United States of America, including, but not limited to, the U.S. Department of the Interior (The United States, Indian Tribes, and Indian allottees); (b) Defendant (including subsidiaries and sister companies) and their respective employees, officers, and directors; (c) all well operators registered in the State of North Dakota; (d) the claims of royalty to the extent covered by arbitration clauses or prior settlement agreements, if any; and (e) the claims of royalty only to the extent receiving royalty payments for wells operated by Defendants but marketed by others.

## JURISDICTION AND VENUE

[3]    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) the Class proposed by Plaintiff exceeds 100 members; (c) the proposed Class contains at least one Class member who is a citizen of a state different from the states where the Defendant is deemed to be a citizen; and (d) the amount in controversy for the claims of the proposed Class members against Defendant exceeds the sum of $5,000,000, exclusive of interest and costs.

[4]    This Court has personal jurisdiction over the Defendants because a substantial portion of the acts and conduct of the Defendants giving rise to the claims asserted in this class action occurred in the State of North Dakota and the oil production at issue has been produced by the Defendants in the State of North Dakota.

[5]    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants transact business within this District and a substantial part of the Defendants' conduct giving rise to the claims alleged in this class action occurred in this District.

## PARTIES

[6]    Plaintiffs David A. Blasi and Paula J. Blasi. as Trustees of the Blasi Living Trust DTD December 22, 2009, are citizens and residents of the State of Kansas, who reside at 20219 NW 10th Ave, Pratt, Kansas 67124. The trust is a successor in interest to a Dunn County, North Dakota Oil and Gas Lease dated June 22, 2007 between Marcella M. Blasi as lessor and Sundance Oil & Gas, L.L.C. as lessee, and the lease entitles Plaintiffs to the payment of royalty on oil produced under the lease "free of cost".

[7]    Defendant Kraken Development III LLC is a Limited Liability Corporation organized under the laws of the State of Delaware, and its principal place of business located at 980 S. Katy Freeway, Suite 300, Houston, Texas 77024-1269. Kraken Development III LLC. has a North Dakota registered agent, CT Corporation System, that can be served at 120 W. Sweet Ave, Suite 9, Bismarck, North Dakota 58504.

[8]    Defendant Kraken Operating LLC is a Limited Liability Corporation organized under the laws of the State of Texas and its principal place of business is located at 980 S. Katy Freeway, Suite 300, Houston, Texas 77024-1269. Kraken Operating LLC has a North Dakota registered agent, CT Corporation Systems, who may be served at 120 W. Sweet Ave, Suite 9, Bismarck, North Dakota 58504.

## FACTUAL ALLEGATIONS

[9]    On June 22, 2007, Marcella M. Blasi, as lessor, entered into an oil and gas lease with Sundance Oil & Gas L.L.C., as lessee, pertaining to leased premises located in Dunn County, North Dakota. ("the June 22, 2007 Lease"). A copy of the June 22, 2007 Lease is attached as Exhibit 1. Plaintiffs are the successor in interest to the lessor's interests under the June 22, 2007 Lease. Defendants have acquired lessee's interest under the June 22, 2007 Lease.

[10]    The June 22, 2007 Lease has an oil royalty provision, under which the Defendants are obligated as follows:

> To deliver to the credit of lessor, **free of cost**, in the pipeline to which Lessee may connect wells on said land the equal one-eighth (1/8) part of all oil produced and saved from the leased premises. (emphasis added)

[11]    At various times since they acquired their lessee's interest under the June 22, 2007 Lease, Defendants, have produced and sold oil from wells subject to the June 22, 2007 Lease and have paid royalties to Plaintiffs or their predecessors on such oil.

3

[12]    At various times since they acquired the lessee's interest in the June 22, 2007 Lease, Defendants in their calculation and payment of royalties to Plaintiffs on oil sales, subject to the Plaintiffs' Leases, have improperly deducted from the sale price of the oil various costs such as gathering or moving the oil and other costs that violate the express directive that the royalty be paid "free of cost".[1]

[13]    Defendants' deduction of the above referenced costs in their calculation and payment of royalties paid to Plaintiffs (and Class Members) on oil sales is not permitted under the oil royalty provisions which require the oil royalty to be paid "free of cost", and Defendants have materially breached their contractual obligations to Plaintiffs (and the Class) under the above referenced Lease and legally common Class leases by taking such deductions in their calculations and payment of royalties to Plaintiffs (and the Class).

[14]    Plaintiffs (and the Class) have sustained substantial damages as a result of Defendants' breaches of their contractual obligations to Plaintiffs (and the Class) under the Lease and Class leases at issue.

[15]    In addition to the Plaintiffs, there are numerous members of the proposed Class who have had the contractual right to be paid oil royalties under "free of cost" leases which are common or legally the same as Plaintiffs' Leases.

[16]    Defendants in their calculation and payment of royalties on oil sales to the members of the proposed Class, have engaged in a common method of royalty accounting which they utilize to pay royalties to the Plaintiffs, in that the Defendants have deducted from the sales price of the oil various costs not allowed under the "free of cost" Leases held by Plaintiffs and the Class.

---

[1] Plaintiff does not contest the deduction of state taxes imposed by the state legislature.

[17]    Defendants, in deducting the above-referenced costs in their calculation of royalties paid to the Class members on oil sales, have materially breached their contractual obligations to the Class members under the leases described in the Class definition.

[18]    As a direct result of Defendants' breach of their contractual obligations to the members of the Class, the royalties owed to the Class members have been substantially underpaid, and the Class members have sustained substantial damages.

## CLASS ACTION ALLEGATIONS

[19]    The proposed Class is so numerous that joinder of all Class members is impracticable. On information and belief, there are more than a thousand members of the proposed Class who live throughout the State of North Dakota, and in other states as well. Joinder of all Class members would be either highly impracticable or impossible.

[20]    Defendants have within their possession or control records which identify all persons to whom they are legally responsible to have paid royalties on oil produced from Class wells during the Class Period.

[21]    There are questions of law and fact which are common to the claims of Plaintiff and the Class, including, but not limited to:

a.    Whether Defendant deducted unloading costs, gathering costs, or other costs from the sales price of the oil in its calculation of royalties paid to the Plaintiffs and the Class;

b.    Whether Defendant's deduction of costs in its calculation of royalties paid to the Class members was in breach of its obligations to the Plaintiffs and the Class under the "free of cost" Class Leases; and,

c.    Whether the Plaintiffs and the Class are entitled to recover applicable prejudgment interest, from the date of each alleged royalty underpayment through the date that such alleged royalty underpayments are reimbursed to Plaintiffs and the Class.

[22]    Plaintiffs' claims are typical of the claims of the other members of the Class because Defendants paid royalty to Plaintiff and the Class using a common method and because Plaintiffs and the Class make the same legal claims asserted herein.

[23]    Plaintiffs will fairly and adequately assert and protect the interests of the Class. Plaintiffs' interests are in accordance with, and not antagonistic to, those of the other members of the Class.

[24]    Plaintiffs are represented by counsel competent and experienced in the prosecution of royalty underpayment class action litigation who will vigorously pursue the rights and remedies for the Class.

[25]    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class members as the elements of the breach of contract claim will be predominantly, if not exclusively, proven by common, generalized evidence, and not by individualized evidence from each Class member.

[26]    Class action treatment is superior to other available methods for fairly and efficiently adjudicating this controversy. Class action treatment will allow a large number of similarly situated Class members to prosecute their common "free of cost" breach of contract claims in a single forum, simultaneously, efficiently, and without duplication of time, expense, and effort by witnesses, the courts, and/or Defendants. Likewise, class action treatment will avoid the possibility of inconsistent and/or varying results in this matter arising out of the same facts. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action and no superior alternative forum exists for the fair and efficient adjudication of the claims of all Class members.

[27]     Class action treatment in this matter is further superior to any alternative means of adjudicating the claims of all members of the Class. Indeed, given the small amounts at stake for individual Class members, while significant in the aggregate, such claims would never be brought because Class members would not be able to retain competent legal counsel to pursue claims individually.  In the absence of a class action in this matter, Defendants will likely retain the benefit of their wrongdoing.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

[28]     The allegations contained in Paragraphs 1 through 26, of this class action complaint, inclusive, are restated and incorporated by reference herein

[29]     The Lease agreements set out above create binding contracts between Plaintiffs and Defendants as do the leases of the Class.

[30]     Defendant has breached its obligations to Plaintiffs and the Class members under the "free of cost" leases, in the manner described above.

[31]     Plaintiffs and the Class members have sustained substantial damages as a direct result of Defendants' breach of their royalty payment obligations to the Plaintiffs under the "free of cost" leases. As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have been injured and damaged in an amount to be determined according to proof.

[32]     The Plaintiff and Class are entitled to recover prejudgment interest on all amounts due and owing to them by the Defendant.

## PRAYER FOR RELIEF

[33]     WHEREFORE, Plaintiffs pray for the following relief:

[34]     An Order that the claims asserted by Plaintiffs on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that Plaintiffs be

appointed as the Class Representatives for the certified Class, and that Plaintiffs' attorneys be appointed as Class Counsel for the certified Class;

[35]    A judgment in favor of Plaintiffs and the Class on their claim for Defendants' breach of the leases, for the full amount of royalty underpayments, plus applicable prejudgment and post judgement interest.

[36]    An award of court costs; and

[37]    For such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

[38]    Plaintiffs request a jury trial on all matters so triable.

MONTGOMERY & PENDER, P.C.

By: _____
Michael Montgomery (ND# 05089)
Kyle G. Pender (ND# 06300)
5630 34th Avenue South, Suite 120
P.O. Box 9199
Fargo, ND 58104
Phone: (701) 281-8001
Fax:    (701) 281-8007
Email:  mike@mplawnd.com

SHARP LAW, LLP

Rex A. Sharp
5301 West 75th Street
Prairie Village, KS 66208
(913) 563-6250
rsharp@midwest-law.com

Isaac L. Diel
idiel@midwest-law.com
Gregory M. Bentz
gbentz@midwest-law.com
Chuck Schimmel
Cschimmel@midwest-law.com
Financial Plaza
6900 College Blvd, Suite 285
Overland Park, KS  66210
(913) 661-9931

**ATTORNEYS FOR PLAINTIFFS AND THE
PROPOSED CLASS**